**William R. SMITH, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

No. 01–207–B.

United States District Court, D. Maine.

Oct. 30, 2002.

Francis Jackson, Jackson & MacNichol, Portland, ME, for William R. Smith.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Peter S. Krynski, Social Security Disability, Litigation—Answer Section, Office of the General Counsel, Falls Church, VA, for Social Security Administration Commissioner.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

The United States Magistrate Judge filed with this Court on October 8, 2002 his Recommended Decision. No objections having been filed, the Recommended Decision is accepted.

It is therefore *ORDERED* that the plaintiff's application for fees and expenses be

and hereby is *GRANTED* in the amount of $3,407.50.

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff has applied for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to his Social Security Disability appeal, he obtained a remand for further proceedings before the Social Security Administration. EAJA Application for Fees and Expenses ("Application") (Docket No. 9). The defendant opposes the fee application on the ground that the number of attorney hours for which reimbursement is sought is excessive. Defendant's Partial Opposition to Plaintiff's Motion for Award of Attorney's Fees, etc. ("Opposition") (Docket No. 10) at 1.[1] Plaintiff's counsel has submitted a bill for 23.5 hours of attorney time. Attachment to Application. The defendant does not suggest a number of hours that she contends would be reasonable under the circumstances. Instead, she takes the position that preparation of "a comprehensive legal brief" is unjustified and therefore unreasonable in any Social Security appeal in this court, where the court's local rule applicable to such appeals requires only that the plaintiff submit an itemized statement of errors which will be followed in all instances by oral argument. Opposition at 2–5.

After counsel for the plaintiff had submitted a 24–page itemized statement of errors in this case, Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 4), and oral argument had been scheduled, the defendant filed an untimely motion for remand, Docket Nos. 5 & 6, which eventually was granted, Docket No. 7. No oral argument was held.

This court's Local Rule 16.3 provides, in relevant part:

*Social Security Disability Cases.* These matters are referred upon filing to a magistrate judge for further proceedings as follows:

(A) Within 60 days of the filing of the transcript and answer, counsel for the plaintiff shall file with the Court an itemized statement of the specific errors upon which the plaintiff seeks reversal of the Commissioner's decision. . . .

(B) The case, then being ready for the entry of judgment upon the pleadings and transcript of the record, will be scheduled for oral argument.

(C) . . . Additional time for oral argument or the presentation of briefs following argument will be permitted only for good cause shown and on such terms as the Court may direct.

Local Rule 16.3(a)(2). The plaintiff's itemized statement in this case identifies eight alleged errors. Itemized Statement at 2–3.

The defendant contends that only one of her two reasons for seeking remand before oral argument on this appeal is among those raised by the itemized statement. Opposition at 5 n. 2. In fact, both reasons can be found in the plaintiff's itemized statement. Itemized Statement at 7–9. In any event, the commissioner may not curtail a plaintiff's entitlement to attorney fees upon remand by specifying a limited number of reasons from among the issues raised by the plaintiff on appeal as the basis for her motion to remand, or even a reason not mentioned by the plaintiff. The statute does not endow the commissioner with that authority.

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

\* \* \* \* \* \*

---

1. The application sought reimbursement for a courier fee of $108.25 in addition to attorney fees of $3,407.50. Attachment to Application at 2. The defendant objected to this claim, Opposition at 1, 5–6, and the plaintiff subsequently withdrew his request for reimbursement of this fee, Plaintiff's Reply Memorandum, etc. ("Reply") (Docket No. 12) at 1 n. 1. Accordingly, this amount will be deducted from the application.

(2) For the purposes of this subsection –

(A) "fees and other expenses" includes ... reasonable attorney fees.

28 U.S.C. § 2412(d)(1)(A) & (2)(A). Nothing in this language suggests that what is "reasonable" may be determined by the agency; the commissioner's argument is inconsistent with the intent of the statutory language.

The commissioner's primary argument is that the statement of itemized errors required by the local rule should be a concise document devoid of legal citation and argument, presumably requiring minimal compensable time to prepare. Opposition at 3–5. Her interpretation of the local rule is not the only possible interpretation and in fact is incorrect. While no briefing, and indeed no indication of position at all is required from the commissioner pursuant to the rule before oral argument, oral argument is best served by a statement of errors that makes clear the plaintiff's position on the alleged errors and the authority on which the plaintiff relies to support that position. Such submissions make possible the best use of the court's time before and during oral argument. This court will not specify, as the commissioner apparently wishes, a maximum length for the required statement of errors nor will it forbid plaintiffs from providing helpful information to the court before oral argument. The local rule forbids only unsolicited post-argument briefing. The discipline and focus provided by pre-hearing development of the issues by the plaintiff is beneficial to both sides and to the court. Skeletal itemized statements of errors are insufficient for the court's purposes, as counsel for some plaintiffs have been informed in the past by this court.

This does not mean that the commissioner may not object to the number of hours devoted to a specific statement of errors for which a plaintiff seeks reimbursement. An itemized statement of errors in a specific case may well not require more than 20 hours of attorney time to prepare adequately. An itemized statement of errors in a specific case may be unduly lengthy or repetitive in its treatment of issues. However, the commissioner in this case confines herself to a global argument seeking a generalized interpretation of the local rule; she does not suggest how many hours might have been reasonable to prepare an adequate itemized statement in this case. *See generally Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under these circumstances, the commissioner has failed to suggest that the attorney fees requested in this case are unreasonable in any respect. Accordingly, I recommend that the court **GRANT** the application for attorney fees in the amount of $3,407.50.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Oct. 8, 2002.